UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00167-GNS

PARVINDER SINGH                                                                    PETITIONER

v.

PAMELA BONDI, in her official capacity as
Attorney General;
KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
SAMUEL OLSON, in his official capacity as
Acting Director of the Chicago Field Office for
U.S. Immigration and Customs Enforcement;
MIKE LEWIS, in his official capacity as
Jailer of the Hopkins County Jail; and
TODD LYONS, in his official capacity as
Acting ICE Field Office Director                                                RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On April 9, 2024, Petitioner Parvinder Singh ("Singh"), who is a native and citizen of India, entered the United States, was detained, and then released.  (Pet. ¶ 1, DN 1; Resp'ts' Resp. Show Cause Order Ex. 1, at 3, DN 10-1).  On July 2, 2025, he attended a scheduled Immigration and Customs Enforcement ("ICE") check-in in Greenwood, Indiana, when he was arrested and detained.  (Pet. ¶ 2; Resp'ts' Resp. Show Cause Order Ex. 1, at 2).  Since that date, he has been detained without bond and is currently housed at the Hopkins County Jail.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 3; Pet. ¶ 13).

Singh filed the Petition for Writ of Habeas Corpus against Respondents:  Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official

1

capacity as Secretary of the Department Homeland Security ("DHS"); DHS; Samuel Olson, in his official capacity as Acting Field Office Director of the Chicago Field Office for ICE; Mike Lewis ("Lewis") in his official capacity as Jailer of the Hopkins County Jail; and Todd Lyons, in his official capacity as the Acting Director of ICE.[1]   (Pet. ¶¶ 16-21).   In the Petition, he challenges his continued detention and alleges violations of the Immigration and Nationality Act, the Administrative Procedure Acts, and his due process rights under the Fifth Amendment.  (Pet. ¶¶ 43-70).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).   In seeking habeas relief, Singh bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Many cases decided by courts within the Sixth Circuit has considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241.  Based on the reasoning articulated in *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025), the Court waives any exhaustion requirement for the same reasons in the case *sub judice*.  *See id.* at *2-3.

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).  Therefore, as the jailer, Lewis is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

This Court has previously rejected Respondents' arguments that Singh is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Singh already present within the United States. *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi*, 2025 WL 3466682, at *5-13; *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov.

3

20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025).  Therefore, Section 1226(a) applies to Singh.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL

3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7. The unlawful detention of Singh implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Singh must be

5

released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.     The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Parvinder Singh from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.     Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 26, 2026

cc:     counsel of record

6